IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EARL CASTLE, SR. (TDCJ No. 1976856), | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:15-cv-3736-L-BN |
| TANYA S. HOBBS, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

**Background**

Plaintiff James Earl Castle, Sr., a Texas inmate, proceeding *pro se*, filed this action against Tanya S. Hobbs, contending that Hobbs endorsed and then deposited into her bank account a check made out to Castle in the amount of $5,450.00. Castle alleges claims of bank fraud and forgery and further requests that a criminal action be initiated against Hobbs. *See* Dkt. No. 3.

Although Castle has responded to the Court's notice of deficiency regarding the filing fee, *see* Dkt. Nos. 4 & 6, and has been granted leave to proceed *in forma pauperis*

pursuant to the Prison Litigation Reform Act, *see* Dkt. No. 7, Castle has failed to respond to the Court's order to file (no later than December 21, 2015) a written response to show the Court that it has subject matter jurisdiction over this lawsuit, *see* Dkt. No. 5.

## Legal Standards and Analysis

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Castle chose to file a lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he fails to do so, this lawsuit must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing FED. R. CIV. P. 12(b)(1))); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

To establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th

Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Castle has not "affirmatively and distantly" alleged jurisdiction. Instead, it appears that this action concerns state law claims made by a Texas citizen against another Texas citizen regarding an amount of money far below the requisite amount in controversy. And Castle's request that criminal charges also be brought against Hobbs does not equate to a cause of action under federal law. *Cf. Miller v. Harris County*, Civ. A. No. H-08-2826, 2011 WL 4456094, at *13 (S.D. Tex. Sept. 22, 2011) ("private citizens have no constitutional right to have criminal charges brought against another citizen" (citing *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990))).

Therefore, Castle has established neither that federal law creates the asserted cause(s) of action, nor that any right to relief necessarily depends on resolution of a substantial question of federal law, nor that there is complete diversity between the parties, nor that the amount in controversy exceeds $75,000.

## Recommendation

The Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE